UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 2:18-cr-86 |
| v. | ) |
| | ) JUDGE JORDAN |
| JUSTIN CHRISTOPHER SMITH | ) |

## PLEA AGREEMENT PURSUANT TO

## FED. R. CRIM. P. 11(c)(1)(C)

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, JUSTIN CHRISTOPHER SMITH, and the defendant's attorney, Joseph O. McAfee, have agreed upon the following:

1. The defendant will plead guilty to Count One: Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The punishment for this offense is as follows. A maximum of 10 years imprisonment, a maximum fine of $250,000.00, and a maximum of 3 years supervised release, and $100.00 mandatory assessment. In the event the defendant is determined to be an armed career criminal, the defendant will face a minimum mandatory sentence of 15 years up to life, a $250,000 fine, up to 5 years on supervised release, and $100.00 special assessment.

2. There are no remaining counts in the indictment.

3. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offense(s) committed by the defendant that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

4. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. **Pursuant to *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998), the elements of the offense for 18 United States Code, Section 922(g)(1) are as follows:**

1. The defendant has a previous conviction of a crime punishable by imprisonment for a term in excess of one year;
2. The defendant knowingly possessed the firearm;
3. The firearm traveled in or affecting commerce.

5. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a) On or about March 31, 2017, a police officer with the Greeneville, Tennessee Police Department responded to a report of two males passed out in a vehicle at the Murphy's Station fuel island. The defendant, JUSTIN CHRISTOPHER SMITH, was in the

passenger seat, while another male was in the driver's seat. The officer was eventually able to awaken the men. The officer asked the defendant to step out of the vehicle, and the defendant complied. At that time, the officer noticed that the defendant appeared to be under the influence of a controlled substance. The defendant was placed under arrest for public intoxication. The other occupant of the vehicle was also placed under arrest for public intoxication. While searching the car, which was a Mazda 3 rented to the defendant, the officer located a Taurus P738, .380 caliber semiautomatic pistol in the passenger side floorboard where defendant had been seated. The officer also recovered a plastic bag in the back of the vehicle that was claimed by the defendant, which contained five (5) rounds of .380 caliber ammunition. Additionally, the officer located Suboxone tablets and various items of drug paraphernalia.

    b)    The other male in the vehicle with the defendant gave a detailed statement after being advised of his *Miranda* rights. The male stated that the defendant had shown him the pistol earlier and told him that it was "for protection," and that he (the other male) "needed to get one also." This conversation took place in the defendant's driveway in a third party's vehicle. The male also stated that during the police encounter, the defendant had tried to convince him to claim that the gun belonged to him because the defendant is a convicted felon.

    c)    The defendant admits that at the time he possessed the firearm, the defendant had been convicted of a crime punishable by a term of imprisonment in excess of one year. Specifically, the defendant's convictions include:

        i)    Felony Child Abuse, in the Circuit Criminal Court of Pinellas County, Florida; plea entered on or about September 30, 2003 (case no.: 0220119CFANO);

3

ii) Resisting an Officer with Violence in the Circuit Court of Pinellas County, Florida (conviction entered on September 30, 2003 (case no.: 0206599CFANO);

iii) Delinquent in possession of a Firearm Circuit Court of Pinellas County, Florida (conviction entered on September 30, 2003 (case no.: 0016414CFANO);

iv) Robbery Circuit Court of Pinellas County, Florida (conviction entered on September 30, 2003 (case no.: 0206598CFANO);

v) Resisting an Officer with Violence Circuit Court of Pinellas County, Florida (conviction entered on September 17, 2001 (case no.: 0110294CFANO);

vi) Throwing a Deadly Missile At, Within, or Into a Building Circuit Court of Pinellas County, Florida (conviction entered on July 3, 2001 (case no.: 0016411CFANO); and,

vii) Aggravated Stalking Circuit Court of Pinellas County, Florida (conviction entered on July 3, 2001: case no.: 0016412CFANO.

d) The defendant agrees and stipulates that the Taurus P738 firearm that the defendant possessed is a modern firearm and traveled through interstate commerce.

6. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

      c)     the right to assistance of counsel at trial;

      d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      e)     the right to confront and cross-examine witnesses against the defendant;

      f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

      g)     the right not to testify and to have that choice not used against the defendant.

      h)     the right not to testify and to have that choice not used against the defendant.

7.     Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of 180 months including a 5-year term of supervised release is the appropriate disposition of this case if the defendant is determined to be an Armed Career Criminal under the provisions of 18 USC 924(e). In the event that the defendant is not subject to the provisions of the Armed Career Criminal Act, the parties agree that the defendant will be sentenced within the advisory guidelines determined by the court including a 3-year term of supervised release. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

8.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant

is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which

6

Case 2:18-cr-00086-RLJ-MCLC   Document 36   Filed 11/26/18   Page 6 of 10   PageID #: 66

the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a)    The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence

7

Case 2:18-cr-00086-RLJ-MCLC   Document 36   Filed 11/26/18   Page 7 of 10   PageID #: 67

deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

        b)     The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

        c)     The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11.     This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The

defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY

|                | UNITED STATES ATTORNEY |
|---|---|
| 11-26-18<br>Date | By: *[signature]*<br>B. TODD MARTIN<br>Assistant United States Attorney |
| 11-26-18<br>Date | *[signature]*<br>JUSTIN CHRISTOPHER SMITH<br>Defendant |
| 11/26/18<br>Date | *[signature]*<br>JOSEPH O. MCAFEE<br>Attorney for the Defendant |