UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-086 |
| | ) |
| JUSTIN CHRISTOPHER SMITH | ) |

**<u>MEMORANDUM AND ORDER</u>**

The defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He will be sentenced on July 11, 2019.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 41], which deems the defendant an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ."). The defendant objects to his ACCA designation. [Doc. 45].

The defendant has submitted supplemental briefing and the United States has filed a response in opposition. [Docs. 46, 48]. For the reasons that follow, the objection will be overruled.

I.

*Background*

The PSR cites three prior convictions, found at paragraphs 37, 40, and 41, as ACCA predicates. Paragraph 37 lists a September 17, 2001 conviction in the Circuit Court for Pinellas County, Florida, for resisting an officer with violence. Paragraph 40 lists a September 30, 2003 robbery conviction, also in the Circuit Court of Pinellas County, Florida. According to the PSR, the defendant committed the robbery on April 17, 2002, fled the scene, and was arrested the following day. Lastly, at paragraph 41, the PSR lists a September 30, 2003 conviction for resisting arrest with violence, again in the Circuit Court of Pinellas County. According to the PSR, on April 18, 2002, the defendant used, or threatened to use, violence while a law enforcement officer was attempting to arrest him for the previously-mentioned robbery.

The defendant does not argue that his *2001* conviction is not an ACCA predicate. Nor does he argue that robbery and resisting arrest with violence under Florida law are not "violent felonies" for purposes of the ACCA. *See Stokeling v. United States*, 139 S. Ct. 544, 555 (2019) ("Robbery under Florida law . . . qualifies as a 'violent felony' under ACCA's elements clause."); *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) ("[A] prior [Florida] conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA."). Instead, the defendant objects that his April 2002 crimes of robbery and resisting arrest were not in fact "committed on occasions different from one another" as required by the ACCA.

II.

*Authority and Analysis*

Crimes are committed on different occasions from one another for purposes of the ACCA if:

> 1. It is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins;
>
> 2. It would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or
>
> 3. The offenses are committed in different residences or business locations.

*United States v. Paige*, 634 F.3d 871, 873 (6th Cir. 2011) (citing and quoting *United States v. Hill*, 440 F.3d 292, 297-98 (6th Cir. 2006)). The prosecution bears the burden of proving, by a preponderance of the evidence, that the prior crimes were indeed committed on different occasions. *See United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017). "[T]he fact that a defendant was convicted for two offenses during the same judicial proceeding does not prevent those offenses from constituting 'occasions different' under the ACCA." *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008).

As noted, the defendant objects that his 2002 ACCA predicates were not committed on different occasions. The Pinellas County charging instrument (the "Felony Information") states that each offense took place on April 17, 2002, rather than on consecutive dates as listed in the PSR. [Doc. 46, ex. 2]. A charging instrument is an

approved *Shepard* document that can be considered by the Court. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

It is unclear whether the Felony Information contains a typographical error as to the offense dates, and that document offers no further illumination as to the precise time or place of either offense. The defendant's signed Pinellas County Change of Plea Form, which was provided to the Court and the parties by this Court's probation office, also shines no light on the time or place of either crime. The PSR in this case cannot be dispositive of the "different occasions" issue because it is not an approved *Shepard* document. *See United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011).

Regardless, the Court finds that the defendant's 2002 crimes of robbery and resisting arrest with violence were indeed committed on occasions different from one another for purposes of the ACCA. As the United States correctly observes, the defendant was charged with and pleaded no contest to a charge of robbery, not *attempted* robbery. He therefore completed the first crime and then admittedly "fled the scene." [Doc. 46, p. 2]. Thus, the subsequent resisting arrest offense would have taken place at a different location. Because the robbery concluded prior to the defendant's flight, he would have had sufficient opportunity to discontinue his criminal conduct after the robbery without necessarily committing the second offense of resisting arrest.

The defendant's reliance on *United States v. Mann*, 552 F. App'x 464 (6th Cir. 2014), is unpersuasive. Mann knifed a fellow bar patron and was arrested at the scene. *Id.* at 465, 470. Officers placed him in a police car, "where still under the influence" he

began kicking the car doors "demonstrating that he was clearly still upset." *Id.* at 470. Soon after, he kicked a police officer. *Id.* at 465, 470.

The *Mann* majority found that the two resulting convictions (aggravated battery and battery of a law enforcement officer) "were not separate criminal episodes." *Id.* at 470. In addition to the close physical proximity of the two crimes, the *Mann* majority noted that Mann committed the second battery "immediately" after being arrested for the first. *Id.* The majority found that "[t]here was no 'time to reflect' on his actions before he ceased his conduct and no 'break' in which he could cool off," because Mann "was still under the influence of the emotions of the underlying event and the same alcohol." *Id.* (citation omitted).

In contrast, the two crimes at issue in this case happened in different locations, because the defendant had admittedly "fled the scene" of the robbery. Further, there is no proof before this Court that the defendant was under any overwhelming influence of emotion or intoxication. As such, the Court is satisfied by a preponderance of the evidence that it would have been possible for the defendant to cease his criminal conduct after the completion of the robbery.

The Court finds these circumstances more akin to those of the appellant in *United States v. Schieman*, 894 F.2d 909, a Seventh Circuit case cited with approval by the Sixth Circuit in its *en banc* opinion in *United States v. Brady*, 988 F.2d 664 (6th Cir. 1993). According to *Brady*, Schieman "burglarized a shop and shortly thereafter assaulted the police officer who pursued him." *Id.* at 668. With approval, *Brady* noted the Seventh Circuit's holding that the appellant had committed two distinct criminal episodes for

5

purposes of the ACCA. *Id.* "In so holding, the Seventh Circuit weighed more heavily the facts that the defendant had successfully completed his burglary and had safely escaped from the premises, thus concluding the burglary episode before he undertook an assault on the officer investigating the case." *Id.*

Like Schieman, the instant defendant's challenged convictions are for crimes committed on occasions different from one another for purposes of the ACCA. The defendant completed the robbery and fled the scene prior to assaulting the investigating officer who arrested him. It is therefore "possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins." The Court is satisfied by a preponderance of the evidence that the defendant could have ceased his criminal conduct after committing the robbery and then withdrawn before resisting arrest. The defendant is correctly deemed an Armed Career Criminal.[1]

---

[1] The Court notes that the Pinellas County "Complaint / Arrest Affidavits" illuminate the circumstances of each crime. The probation office provided these documents to the Court and to the attorneys. The robbery Complaint / Arrest Affidavit is also an exhibit to the defendant's brief. [Doc. 46, ex. 3]. In this circuit, it appears that district courts can still sometimes consider state court affidavits of complaint "in determining the nature of predicate offenses, consistent with the standards of *Shepard*," *United States v. Jones*, 453 F.3d 777, 780 (6th Cir. 2006), but only if the pertinent facts in that charging instrument were later admitted by the defendant. *United States v. King*, 853 F.3d 267, 278 (6th Cir. 2017). The Court has not considered the Pinellas County affidavits of complaint in this case because "there are no . . . admissions in the record as to the times or locations of the offenses" by the defendant as listed in those charging documents. *King*, 853 F.3d at 278.

III.

*Conclusion*

The defendant's objection to his PSR [doc. 45] is **OVERRULED**. Sentencing remains set for Thursday, July 11, 2019, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge