JUSTIN CHRISTOPHER SMITH, )
)
)
Petitioner, )
)            2:21-CV-00090-DCLC-CRW
vs. )
)            2:18-CR-00086-DCLC-CRW
UNITED STATES OF AMERICA, )
)
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several of Petitioner Justin Christopher Smith's motions filed in response to the Court's denial of the motion to vacate his sentence filed under 28 U.S.C. § 2255. Those motions include the following: (1) "request for a C.O.A. on the denial of [his] motion to amend [his] 2255 [Doc. 41]; (2) motion for reconsideration [Doc. 43]; (3) motion to amend his motion to vacate [Doc. 59]; (4) motion to appoint counsel [Doc. 64]; and (5) a motion for relief from judgment under Fed.R.Civ.P. 60(b) [Criminal Docket Doc. 91]. Additionally, Smith has filed a motion to correct his presentence report [Criminal Docket Doc. 92]. For the reasons stated herein, these motions are **DENIED**.

## I.      BACKGROUND

In June 2018, Petitioner was indicted on one count of being a felon in possession of a firearm. [Criminal Docket Doc. 1]. That indictment was superseded in August 2019 to comply with *Rehaif v. United States*, 588 U.S. 225 (2019). [Criminal Docket Doc. 54]. He later entered a Plea Agreement under Rule 11(c)(1)(C) in which he agreed to a sentence of 180 months, the mandatory minimum sentence. With a total offense level of 30 and a criminal history of VI, the

1

presence report ("PSR") calculated Petitioner's guideline range to be 168 to 210 months [Criminal Docket Doc. 41, ¶ 87]. But because the PSR concluded that he was subject to an enhanced sentence under the Armed Career Criminal Act ("the ACCA"), the statutory mandatory minimum for his offense created an effective guideline range of 180 to 210 months.

Petitioner objected to the application of the ACCA, arguing that two of his prior convictions were not committed on different occasions under 18 U.S.C. § 924(e). [Criminal Docket Doc. 45]. The district court overruled his objections in a written order [Criminal Docket Doc. 50]. On August 27, 2019, the Court approved his Rule 11(c)(1)(C) Plea Agreement and sentenced Petitioner to 180 months' imprisonment and five years of supervised release. [Criminal Docket Doc. 64]. On September 1, 2019, Petitioner filed a direct appeal to the Sixth Circuit [Criminal Docket Doc. 66]. On June 12, 2020, the Sixth Circuit, based on Petitioner's Plea Agreement to waive his direct appeal rights, dismissed his appeal [Criminal Docket Doc. 75].

On June 3, 2021, he filed his original motion to vacate under 28 U.S.C. § 2255, raising five claims. He alleged that: (1) trial counsel rendered ineffective assistance by failing to (a) communicate with him and explain the consequences of pleading guilty as opposed to proceeding to trial, (b) conduct an adequate, independent pretrial investigation, (c) attempt to negotiate a more favorable plea agreement, and (d) properly challenge his ACCA enhancement; and (2) his sentence exceeded the statutory maximum of ten years because the district court erroneously applied the ACCA enhancement. The district court found that the latter claim was "barred by the knowing and voluntary waiver contained in the binding Plea Agreement" [Doc. 14, pg. 8]. The district court then addressed the merits of each of the ineffective assistance claims and found them all without merit. On October 14, 2022, the district court denied his §2255 motion [*Id.* at 16].

Petitioner appealed that denial [Doc. 16]. The Sixth Circuit construed his notice of appeal as a request for a certificate of appealability [Doc. 21, pg. 2]. It found that "[j]urists of reason would agree that Smith did not receive ineffective assistance of trial counsel," and that "[j]urists of reason would agree that the collateral-attack waiver in Smith's plea agreement bars consideration of his claim that the district court erroneously applied the ACCA enhancement." [Doc. 21, pgs. 4, 5]. On March 27, 2023, it denied Petitioner's application for a certificate of appealability. [*Id.* at 6].

On April 3, 2023, Petitioner filed a motion to amend his § 2255 motion in this court. [Doc. 22]. That motion was denied on October 10, 2023. [Doc. 29]. Petitioner appealed that order to the Sixth Circuit, raising the issues presented in *Wooden v. United States*, 595 U.S. 360 (2022). [Doc. 30]. He asserted that "his appeal waiver did not bar the claim and that his 2002 offenses did not happen on separate occasions when considered in light of *Wooden*." [Doc. 52, pg. 3]. The Sixth Circuit construed Petitioner's appeal as "an application to file a second or successive § 2255 motion…." [Doc. 52]; *Smith v. United States*, No. 23-5949, 2025 WL 4701421, at *1 (6th Cir. Jan. 10, 2025), *cert. denied*, No. 25-7283, 2026 WL 1640920 (U.S. June 8, 2026). The Sixth Circuit denied Petitioner's application, noting that *Wooden* was a "case of statutory interpretation and did not announce a new rule of constitutional law made retroactive to cases on collateral review." [Doc. 52, pg. 5].

Petitioner also filed a motion to amend [Doc. 32], a motion for reconsideration of the district court's order denying his § 2255 motion [Doc 33], a motion for leave to appeal in forma pauperis [Doc. 34], a motion requesting an evidentiary hearing [Doc. 35], and a motion for relief from judgment under Rule 60(b)(1), and (5) [Doc. 38]. On January 19, 2024, the district court addressed each of those motions and, finding them without merit, denied each of them [Doc. 40].

On January 29, 2024, Petitioner filed a request for a C.O.A. [Doc. 41]. On February 9, 2024, he filed another motion for reconsideration of the District Court's order denying his original § 2255 motion [Doc. 43]. On March 8, 2024, Petitioner filed a notice of appeal of the district court's January 19, 2024 order [Doc. 44], which the Sixth Circuit denied on September 19, 2025 [Doc. 62]. On April 22, 2024, Petitioner filed a motion for relief from the district court's October 14, 2022 order and judgment denying his original § 2255 motion [Criminal Docket Doc. 91]. On April 8, 2025, Petitioner then filed another motion to amend his § 2255 motion [Doc. 59]. Finally, in December 2025, Petitioner filed a motion to correct his presentence report [Criminal Docket Doc. 92], a motion to appoint counsel [Doc. 64], and another motion for relief from the district court's October 14, 2022 order and judgment denying his original § 2255 motion [Doc. 65].

## II.      ANALYSIS

A single, controlling proposition disposes of most of the pending motions, and the Court states it here at the outset. In *Smith v. United States*, No. 23-5949, 2025 WL 4701421 (6th Cir. Jan. 10, 2025), the Sixth Circuit held, in this very case, that *Wooden v. United States* announced a rule of statutory interpretation, not a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at *3. That holding is the law of the case and binds this Court. Wherever a motion seeks relief on the ground that *Wooden* requires reanalysis of Petitioner's ACCA "occasions" determination on collateral review, the law of the case forecloses it.

### A.      Request for a Certificate of Appealability [Doc. 41].

On January 29, 2024, Petitioner filed a request for a C.O.A. "on the recent denial of his motion to amend his 2255." [Doc. 41, pg. 1]. He notes that he "was pretty clear on [his] last claim that the Supreme Court had recently clarified the test for separate-occasions determination in *Wooden v. United States.* [*Id.*]. He asks this Court to "revisit" its prior ruling because it was

4

based on an "elemental based test that the Court used in its May 29, 2019 order was rejected by *Wooden*…." [Doc. 41, pg. 2]. He asks this Court "for [his] 2022 priors to be reanalyzed under the new balanced multifactored test handed down in *Wooden*." [Doc. 41, pg. 3].

Petitioner's request is foreclosed by the law of the case. The Sixth Circuit has already resolved this precise question in this case, holding that *Wooden* did not state a new constitutional rule made retroactive to Petitioner's case. *Smith v. United States*, No. 23-5949, 2025 WL 4701421, at *3 (6th Cir. Jan. 10, 2025), *cert. denied*, No. 25-7283, 2026 WL 1640920 (U.S. June 8, 2026).

In denying Petitioner's previous request to amend his motion to vacate, the Court noted that Petitioner had already appealed the case to the Sixth Circuit and that for the Court to grant his motion to amend would alter the case on appeal [Doc. 40, pg. 5]. Thus, it noted that if the Sixth Circuit granted Petitioner the right to file a second § 2255, it would then address it. And, of course, the Sixth Circuit did not grant Petitioner that right.

Turning to this most recent motion for a C.O.A., [Doc. 41], a certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). To obtain a certificate of appealability on any issue, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with the resolution of Petitioner's claims, the Court **DENIES** a COA.

## B.     Motion for Reconsideration of Court Order [Doc. 43]

In this motion, Petitioner asks the Court to reconsider its order denying his § 2255 motion "due to the crucial error of failing to address [his] *Wooden* relevant authority." [Doc. 43, pg. 1;

5

Doc. 49]. Additionally, in his supplement to the motion, Petitioner argues the Court relied on "outdated jurisprudence" by citing to the district court's order which did not apply *Wooden*. [Doc. 49]. The Sixth Circuit's prior ruling in this case forecloses this request. Accordingly, he is not entitled to relief. This motion is **DENIED**.

C.      **Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 [Doc. 59]**

In this motion, Petitioner again asks this Court permission to amend his original § 2255 motion, this time under Fed.R.Civ.P. 15(c)(1)(B) [Doc. 59]. He argues his amendment relates back because it arises from the same core facts and his prior attempts to amend were mischaracterized or denied for jurisdictional reasons. [*Id.* at 8]. He asks the Court to consider his *Wooden* claim that he says he attempted to raise while his § 2255 was pending. Petitioner argues that in light of *Wooden*, his ACCA enhancement under 18 U.S.C. § 924(e) was improperly applied to his § 922(g) conviction, claiming that the district court used the "simultaneity" or elemental test rejected by *Wooden*. He continues to assert that his 2002 robbery and resisting arrest occurred the same day, the same area, and as part of the same course of conduct.[1]

---

[1]      On May 29, 2019, the district court in Petitioner's underlying criminal case, No. 2:18-CR-86, addressed Petitioner's argument as follows:

> [T]he Court finds that the defendant's 2002 crimes of robbery and resisting arrest with violence were indeed committed on occasions different from one another for purposes of the ACCA. As the United States correctly observes, the defendant was charged with and pleaded no contest to a charge of robbery, not *attempted* robbery. He therefore completed the first crime and then admittedly "fled the scene." [Doc. 46, p. 2]. Thus, the subsequent resisting arrest offense would have taken place at a different location. Because the robbery concluded prior to the defendant's flight, he would have had sufficient opportunity to discontinue his criminal conduct after the robbery without necessarily committing the second offense of resisting arrest.

[Criminal Docket Doc. 50, p. 4].

6

Again, the Sixth Circuit's prior ruling controls how this Court deals with Petitioner's motion, and any amendment would therefore be futile. His motion to amend his original motion to vacate is **DENIED**.

**D.      Motion to Appoint Counsel [Doc. 64]**

The Court may appoint counsel pursuant to 28 U.S.C. § 2255 under 18 U.S.C. § 3006A. Section 3006A requires district courts to establish a plan that furnishes counsel to § 2255 movants if they are financially eligible and "the court determines that the interests of justice so require...." 18 U.S.C. § 3006A(a)(2). This gives the district court discretion to appoint counsel only in the interest of justice or where due process requires.  "[G]enerally, a motion to vacate a sentence under § 2255 does not warrant appointed counsel because it does not involve complex facts or legal doctrines that would prevent defendants from effectively bringing the motion on their own behalf." *United States v. Barker*, 652 F. Supp. 3d 865, 871 (E.D. Mich. 2023) (Ludington, J.).

In this case, the Court does not find any factual or legal issues presented to be overly complex and Petitioner has not shown any other exceptional circumstances which would warrant appointing counsel.  Moreover, there are no factual disputes that would require an evidentiary hearing in this matter, and he has presented no colorable claims on which he has a reasonable chance of prevailing.  His motion for appointment of counsel is **DENIED.**

**E.      Criminal Case No. 2:18-CR-00086 - Motion for relief from Judgment under Fed.R.Civ.P. 60(b) [Criminal Docket Doc. 91].**

Petitioner has also filed a Motion for Relief from Judgment or Order pursuant to Fed.R.Civ.P. 60(b)(1) and (5)[2] claiming judicial errors in the order.  A motion under Rule 60(b)(1)

---

[2]      Petitioner's motion is titled "Motion for Relief from Judgment or Order Fed. R. Civ. P. 60(B)(1), (5), & (6)" but the motion contains no references or arguments made under Rule 60(b)(6).

7

must be made "no more than a year after the entry of the judgment…." Fed.R.Civ.P. 60(c)(1). The relevant judgment in this case was entered on October 14, 2022; Petitioner filed this motion on April 22, 2024, eighteen months later. This motion is untimely on its face.

A Rule 60(b)(5) motion may provide relief from an order or judgment when "it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed.R.Civ.P. 60(b)(5). These circumstances do not apply to the order denying his § 2255 motion. Though Petitioner argues that the district court created a "misapplication of law" by utilizing a legal analysis later discredited by the Supreme Court in *Wooden*, the Sixth Circuit has made clear that *Wooden* is not retroactive. *Smith v. United States*, No. 23-5949, 2025 WL 4701421, at *3 (6th Cir. Jan. 10, 2025). This Sixth Circuit ruling forecloses his request; accordingly, this motion is **DENIED.**

**F.     Criminal Case No. 2:18-CR-00086 - Motion to correct PSR [Criminal Docket Doc. 92]**

In this motion, Smith asks the Court to amend his PSR to remove information describing the offense conduct of his 2003 Florida conviction for child abuse. Smith argues that the PSR incorrectly states that he "intentionally touched in a lewd and lascivious manner the breasts, genitals, genital area, or buttocks, or clothing covering those areas, of a child less than age 16, but more than age 12, or he forced or enticed the child to touch those areas of his body." [Criminal Docket Doc. 41, ¶ 42]. He contends that "official state court documents and/or amended charging instruments" show that this description is an "allegation" only. [Criminal Docket Doc. 92, pg. 4].

In support of this contention, Smith provides the Information for this conviction. It shows that Smith was initially charged with "Lewd or Lascivious Molestation, 2° F," with handwritten notes stating, "9/30/03 State amends to Child Abuse 3° F" and "COP – Nolo Contendere as amended." [Criminal Docket Doc. 92-4]. There are no documents showing that any amendments

8

were made to the factual allegations Smith pled to. Therefore, the PSR correctly labels Smith's prior conviction as one for "Child Abuse" with the factual description as written in the Information. Because Smith has not shown any basis for the Court to find a mistake or inaccuracy in his PSR, his motion is **DENIED**.

## III.     CONCLUSION

For the reasons stated, in Case No. 2:21-CV-00090-DCLC-CRW, Petitioner's Request for a Certificate of Appealability [Doc. 41], Motion for Reconsideration of Court Order [Doc. 43], Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 [Doc. 59], and Motion to Appoint Counsel [Doc. 64], are **DENIED**. The Court addresses Petitioner Motion for relief from judgment under Rule 60(b) [Doc. 65] by separate order.

In criminal case No. 2:18-CR-00086, his Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) [Criminal Docket Doc. 91], and Motion to Correct PSR [Criminal Docket Doc. 92] are **DENIED.**

SO ORDERED:

s/Clifton L. Corker
United States District Judge

9